(120 App. Div. 548)

McCONNELL v. ALLEN et al.

(Supreme Court, Appellate Division, Second Department.   June 7, 1907.)

1. TOWNS—EXPENDITURES—AUTHORITY OF TOWN BOARD.

Laws 1905, p. 925, c. 396, authorizes the supervisors of towns to invest certain moneys received from the city of New York, and directs that the income shall be expended in such manner as the town board and highway commissioner may direct.  Under Laws 1891, p. 346, c. 164, the supervisor, etc., may expend any surplus moneys for which no provision for expenditure is made to redeem outstanding bonds or for improvements. *Held,* that the 1905 act governs the expenditure of such moneys received from the city, and not the 1891 act, and that the courts cannot direct upon what highways the income shall be expended, since the statute provides for the determination of that question by the town board and highway commissioner, but that the board may be enjoined from expending the principal to improve a highway.

2. STATUTES—CONSTRUCTION—PUBLIC OFFICER—PERMISSIVE TERMS.

Where a statute authorizes a public body or officer to do an act concerning the public interest, the execution of the power may be insisted upon as a duty, though the statute be only permissive in its terms.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 308.]

Hirschberg, P. J., and Rich, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Samuel P. McConnell against S. Fletcher Allen and others, constituting the town board of the town of Cortlandt, and another.  From a judgment dismissing the complaint in an action brought under the provisions of chapter 301, p. 620, of the Laws of 1892, to restrain the proposed expenditure by the defendants, composing the town board of the town of Cortlandt, of a sum of money in the improvement of a public highway in said town, said money having been paid to it by the city of New York for damages sustained by the taking of highways flooded and rendered useless by the construction of a dam, plaintiff appeals.  Reversed.

· Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Edward M. Grout (Dean Potter, on the brief), for appellant.
Nathan P. Bushnell (Clinton F. Ferris, on the brief), for respondents.

MILLER, J. I think it reasonably clear that the moneys which are the subject of this controversy were paid to the town by the city of New York as damages for the increased obligation imposed upon the town for maintenance of the highways substituted for those submerged, and not for the purpose of creating a trust fund to provide for said maintenance, as contended by the appellant. The town and the city recognized that the latter was not bound to maintain said substituted highways, and it had so been held (Matter of Gilroy, 43 App. Div. 359, 60 N. Y. Supp. 200, affirmed 164 N. Y. 576, 58 N. E. 1087); but the increased expense of maintaining guard rails and a greater length of highway was deemed sufficient to support a claim for damages. The method of determining said damages cannot change the fact that the money was paid in settlement of a claim from which the city was released in consideration of such payment. When said settlement was consummated, the city had no further interest in the matter, because it was not concerned in how the town obtained the money to discharge its obligation of maintaining said substituted highways. The cases relied upon by the appellant to show that a trust was impressed upon the fund are not in point, if I am right in what has already been said; for in each it appeared that authority had been given the municipality to acquire property for a specific purpose.

However, the authority of the town officers to expend said moneys presents a different question. Manifestly, we must look to the statute for that authority, and, as it seems to me, to the particular statute passed for the specific purpose of conferring it. That statute is chapter 396, p. 925, Laws 1905, which authorizes the supervisor, by and with the consent of the town board, to invest said moneys in a specified class of securities, and to collect the interest from said investments, and in mandatory terms directs that the income therefrom shall be expended in such manner as the town board and highway commissioner may direct. The language of the act conferring authority to invest is permissive; but it is not necessary to cite authority upon the proposition that, where a public body or officer is clothed by statute with power to do an act concerning the public interest, the execution of the power may be insisted upon as a duty, though the statute be only permissive in terms. Nor does it seem necessary to argue that the statute requires the consent of the town board to the manner, not to the fact, of investment. I do not see, therefore, how chapter 164, p. 346, of the Laws of 1891, can apply; but, if there were otherwise room for argument on the question, it is set at rest by the express provision of the latter statute, by which it is made applicable only to "surplus moneys for which no provision for expenditure is made."

I do not think that the courts can direct upon what highways said income shall be expended, for the statute provides for the determina-

tion of that question by the town board and highway commissioner; but, as the defendants propose to expend the principal, the plaintiff was entitled to an injunction restraining them from so doing.

Judgment reversed, and new trial granted; costs to abide the event. WOOD-WARD and JENKS, JJ., concur.

RICH, J. I dissent. The evidence abundantly sustains the findings of fact made by the learned trial court, and the only question meriting serious consideration is whether the town board has authority to expend the money in question for the purpose intended. It is argued that such authority does not exist, for the reasons, first, that the moneys proposed to be expended are not surplus moneys; second, that the town board is merely a governing board, possessed only of such powers as are specifically conferred upon it by statute, and that the making of contracts for and improving of roads is not a governmental, but a corporate, function; and, third, that the jurisdiction of the highway commissioner in repairing and improving the public highways of the town is exclusive. All of these questions are disposed of by chapter 164, p. 346, of the Laws of 1891, if the fund proposed to be expended is "surplus money" and the work intended to be done is an "improvement in said town," within the meaning of those words as used in the statute cited. Chapter 396, p. 925, Laws of 1905, is merely permissive; the trial court having found that said moneys are not required, either by contract or law, to be invested for any specific purpose. The statute referred to provides:

"The supervisor, town clerk and justices of the peace or a majority thereof in any town in this state, may expend any surplus moneys for which no provision for expenditure is made, belonging to said town, for the purposes of redemption of outstanding bonds or for improvements in said town."

In its limited use, as applied to a fund raised by taxation for a specific purpose, the word "surplus" unquestionably means that portion of such fund remaining after the completion or accomplishment of the purpose for which it was raised; but I apprehend that it may properly be given a broader and more comprehensive definition, when occurring in a statute like the one under consideration. Any money owned by and in the possession of a town, not raised by taxation for a specific purpose, not impressed by a trust, or required by contract to be used for a particular purpose, is in my judgment "surplus" money—an excess beyond what is wanted or required for immediate town necessities; and, if no provision exists for its expenditure, its use is authorized by the statute for improvements. If it be true, as is urged, that such construction vests concurrent power in the town board and highway commissioner as to a highway proposed to be improved by the use of money not raised by taxation for road purposes, such condition involves a question of wisdom and expediency, to be determined by the Legislature, and not by the courts.

The judgment should be affirmed, with costs.

HIRSCHBERG, P. J., concurs.