(152 App. Div. 730.)

In re CROTON FALLS DAM AND RESERVOIR, HIGHWAY PROCEEDING.

### In re TOWN OF CARMEL.

(Supreme Court, Appellate Division, Second Department.    October 4, 1912.)

MUNICIPAL CORPORATIONS (§ 394*)—CONSTRUCTION OF NEW HIGHWAY—GUARD RAILS—CITY'S DUTY TO MAINTAIN.

Laws 1887, c. 196, § 36, requires the city of New York to construct such highways and bridges as may be made necessary by the construction in either of certain counties of any reservoir in connection with the city's waterworks, and to maintain such bridges as may be made necessary; and section 24 declares that, in case a change of highway is made necessary, the commissioners shall include in the amount awarded to the town therefor such sum as shall be sufficient to defray the expense of making the change of route and location and building such highway. *Held* that, where certain roads in a town were necessarily closed and others opened by the city in the course of such work, the commissioners had no power to include in the award a sum for the maintenance of guard rails in dangerous places on the new roads; the maintenance of such roads and the construction of guard rails, if necessary, being the duty of the town, and the city's duty of maintenance being limited to additional highway bridges, if any.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 938–945;  Dec. Dig. § 394.*]

Appeal from Special Term, Westchester County.

In the matter of the application of the City of New York to acquire certain real estate in the towns of Carmel and Southeast, Putnam County, and in Somers, Westchester County, N. Y., for the benefit of the Croton Falls Dam and Reservoir. Heard on the claim of the town of Carmel for the maintenance of certain highways. From an order setting aside an award for the maintenance of guard rails in particular locations along substituted roads, the town of Carmel appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Clayton Ryder, of Carmel (George E. Anderson, of Carmel, on the brief), for appellant.

H. T. Dykman, of White Plains, for respondent.

THOMAS, J.   In this proceeding under chapter 490 of the Laws of 1883 as amended (chapter 196, Laws of 1887), commissioners of appraisal awarded the town of Carmel for damages caused by the closing of some roads and the opening of others two sums, one of $1,500 for the added duty "of maintaining and replacing the foundation or substructure of the substituted roads and of removing loose rock in the rock cuts and making the walls of the rock cuts safe" as occasion may require, and another sum of $4,500 for the "duty to safeguard the public in the use of these substituted roads by the maintaining of guard rails in dangerous places."   The appeal is from an order setting aside the award for the maintenance of the guard rails, and involves solely the question whether the commissioners were empowered by the statute to make it.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is conceded that the town, and not the city, must maintain the substituted roads, and guard rails, if necessary, and that under section 36 (chapter 196, Laws 1887) the city's duty of maintenance is limited to the additional highway bridges. Such is the decision. Matter of Gilroy, 43 App. Div. 359, 60 N. Y. Supp. 200, affirmed 164 N. Y. 576, 58 N. E. 1087. The guard rails are incident to the highways, to promote their safe use, and on account of such relation the town must maintain them. If there can be no award for the principal thing, there can be none for the incidents. For the highway closed, another, safe and sufficient for the demands of the public, must be made, and, fully completed, delivered to the town without expense to it. Then the duty of the town begins, and all care and expense, save as to bridges, on the part of the city ceases. It may be that the new road, on account of its length, elevation, and peculiarity of construction, as regards form or material, may impose upon the town increased cost of maintenance. But that burden the state has cast upon it. The city must deliver a way well and adequately constructed, else it has not complied with the statute. That is a condition that precedes the inception of the duty of the town. But, when the city has delivered a legal road, it has no duty to keep it, or any part of it, or to preserve its safety in any regard.

Section 24 of the act gives its definition of "real estate," and in terms includes a highway, and provides that those owning or claiming interest therein "shall not, directly or indirectly, be subject to expense, loss or damage, by reason of changing such route or location, but that such expense, loss or damage shall be borne by the city of New York." From this language it could be argued that, where the substituted highway entailed greater cost of maintenance, the town did become "subject to expense, loss or damage by reason of changing such route or location." But in view of the decision in the Matter of Gilroy, supra, that is not an open question.

Section 24 also provides that the commissioners "shall include in the amount of such compensation such sum as shall be sufficient to defray the expenses of making such change of route and location and of building said railroad or highway." This places the expenses of changing the location on the city, but not the expense of preserving in suitable condition the highway in the new location. It is illogical that the city should not oppose the confirmation of the award for the upkeep of the embankment, and oppose the further award for the repair and replacement of the guard rails. But the fact that it consents to an award of one sum does not estop it from insisting that such sum shall not be increased. In McConnell v. Allen, 120 App. Div. 548, 105 N. Y. Supp. 16, the inquiry related to the disposition of money paid under the same act by the city to a town "as damages for the increased obligation imposed upon the town for maintenance of the highways substituted." Mr. Justice Miller wrote:

"The town and the city recognized that the latter was not bound to maintain said substituted highways, and it had been so held (Matter of Gilroy, 43 App. Div. 359 [60 N. Y. Supp. 200], affirmed 164 N. Y. 576 [58 N. E. 1087]); but the increased expense of maintaining guard rails and a greater length of highway was deemed sufficient to support a claim for damages."

There was no decision that such payment was compulsory. It can only be said that the city fitfully allows or disallows such damages, and it seems necessary to approve the legality of its present opposition to such award.

The order should be affirmed, with $10 costs and disbursements. All concur.